O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7824 PSG (PJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | Cherry Ann Alcaraz v. Union Bank of California | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):        Attorneys Present for Defendant(s):

Not Present        Not Present

**Proceedings:** **(In Chambers) Order Denying Plaintiff's Application for a Temporary Restraining Order**

      Before this Court is Plaintiff's Application for a Temporary Restraining Order.  The Court finds the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; Local R. 7-15.  After considering the moving and opposing papers, the Court hereby DENIES the application.

I.      BACKGROUND

      Plaintiff Cherry Ann Alcaraz ("Plaintiff") received a Notice of Trustee's Sale Under Deed of Trust, notifying her that on December 29, 2008, at 1:00 p.m., UnionBanCal Mortgage, as trustee to the \Deed of Trust executed by Plaintiff Cherry Ann Alcaraz, planned on conducting a public sale of:

      Lot 17 of Tract No. 14652-2, in the City of Chino Hills, County of San Bernardino, State of California, as per map recorded in Book 260, page(s) 60-66, inclusive, of maps, in the office of the country recorded of said county.

*Notice of Trustee's Sale Under Deed of Trust*.  Twenty minutes before the sale was to occur, Plaintiff filed an Application for a Temporary Restraining Order ("TRO").  In her Application, Plaintiff requests that the Court prevent the public sale from occurring.

II.      LEGAL STANDARD

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7824 PSG (PJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | Cherry Ann Alcaraz v. Union Bank of California | | |

      Preliminary injunctive relief "is an 'extraordinary remedy' for which the need must be 'clear and unequivocal.'" *Puricle, Inc. v. Church & Dwight Co., Inc.*, 568 F. Supp. 2d 1144, 1147 (C.D. Cal. 2008) (citing *Shelton v. Nat'l Collegiate Athletic Ass'n*, 539 F.2d 1197, 1199 (9th Cir. 1976)). Accordingly, to secure a TRO, the moving party must demonstrate either: (1) a combination of probable success on the merits and a significant threat of irreparable harm or (2) that serious questions are raised as to the merits and that the balance of hardships tips in its favor. *Dept. of Parks & Rec. For State of Cal. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Id.* In any circumstance, the plaintiff must demonstrate a significant threat of irreparable injury. *Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist.*, 868 F.2d 1085, 1088 (9th Cir. 1989).

III.    DISCUSSION

    A.    <u>Likelihood of Success on the Merits</u>

      The Court first considers whether Plaintiff has shown that she is "likely" to prevail on the merits. *Ashcroft v. American Civil Liberties Union*, 542 U.S. 656, 665, 124 S. Ct. 2783, 159 L. Ed. 2d 690 (2004). This means that Plaintiff must demonstrate a likelihood of prevailing on any affirmative defense as well as on her case in chief. *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry*, 357 F.3d 1319, 1325 (Fed. Cir. 2004); *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1015 & n.3 (9th Cir. 2001).

      Plaintiff has presented no evidence that she is likely to prevail on the merits of her case. In fact, she entirely fails to address this prong of the applicable test in her Application. For this reason alone, the Court must deny her application.

    B.    <u>Irreparable Harm</u>

      An additional reason exists as to why this TRO may not issue: Plaintiff's delay in seeking a TRO implies a lack of urgency and irreparable harm. *Miller v. Cal. Pac. Med. Ctr.*, 991 F.2d 536, 543 (9th Cir. 1993) (citing *Oakland Tribune, Inc. v. Chronicle Pub. Co., Inc.*, 762 F.2d 1374, 1377 (9th Cir. 1985)). Plaintiff initially filed a lawsuit relating to the trustee sale on November 26, 2008. In her lawsuit, Plaintiff mentions that on August 22, 2008, she received notice of the impending trustee sale. Thus, Plaintiff was on notice of the planned sale for at least

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 08-7824 PSG (PJWx) | Date | December 29, 2008 |
|---|---|---|---|
| Title | Cherry Ann Alcaraz v. Union Bank of California | | |

four months, yet she did not seek injunctive relief until twenty minutes before it was occur. Such procrastination strongly suggests a lack of urgency and irreparable harm.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Application for a TRO is DENIED.

**IT IS SO ORDERED.**